## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

    **v.**

**CRUZ ALBERTO-ARBARNGAS,**

    **Defendant-Petitioner.**

**Case Nos. 2:17-cr-164(5), 2:25-cv-873**
**Judge Edmund A. Sargus, Jr.**

## OPINION AND ORDER

This matter is before the Court on Defendant-Petitioner Cruz Alberto-Arbarngas's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 1527.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Defendant entered into an agreement with the Government on May 19, 2021, and pled guilty to Count One of the Second Superseding Indictment, which charged him with conspiracy to commit racketeering. (ECF No. 1279, PageID 5563.) In pleading guilty, Defendant admitted that he unlawfully conspired to participate in the affairs of La Mara Salvatrucha, commonly known as MS-13, a racketeering enterprise that operated in the Southern District of Ohio and elsewhere. (ECF No. 1342, PageID 6283; ECF No. 1279.) He also agreed that as part of MS-13, he or other gang members or associates would commit multiple acts of murder, extortion, drug trafficking, money laundering, obstruction of justice, or witness tampering. (ECF No. 1342, PageID 6283; ECF No. 1279.) The Court held a sentencing hearing on November 23, 2021, and sentenced Defendant to 420 months in prison minus time served and five years of supervised release. (ECF Nos. 1398, 1411.)

More recently, in June 2025, Defendant filed a Notice of Appeal of the Judgment (ECF No. 1524) and a Motion for Leave to Appeal In Forma Pauperis (ECF No. 1523). This Court denied as moot Defendant's Motion for Leave to Appeal In Forma Pauperis, reasoning that Defendant had court-appointed counsel during this case. (ECF No. 1526.) The Sixth Circuit sua sponte dismissed Defendant's appeal, finding the few-years-long delay in filing the appeal warranted dismissal. (ECF No. 1530); *see* Fed. R. App. P. 4(b)(1)(A) (14 days to appeal after judgment entry).

In accordance with the Sixth Circuit's precedent, the Court held in abeyance Defendant's § 2255 Motion pending the Sixth Circuit's decision on the appeal. (ECF No. 1529); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (collecting cases). Now that the Circuit Court has dismissed Defendant's appeal, the Court turns to Defendant's § 2255 Motion.

## ANALYSIS

Defendant argues in his § 2255 Motion that he had ineffective assistance of counsel because, among other things, he understood the maximum amount of time he could be incarcerated to be 15–20 years but he was sentenced to 420 months. (ECF No. 1527, PageID 7658.)

Rule 4(b) of the Rules Governing § 2255 Proceedings provides in part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Applying Rule 4(b)'s directive, the Court finds that it plainly appears from Defendant's § 2255 Motion that he is not entitled to relief.

2

## I.  The statute of limitations has passed.

Defendant has a statute-of-limitations problem. 28 U.S.C. § 2255(f) discusses the period of limitation that applies to a federal habeas petition:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Subsections (f)(2)–(4) do not apply here—there is no government-created impediment, newly recognized Supreme Court right, or late-discovery of facts. That leaves subsection (f)(1). The Court entered judgment against Defendant on December 13, 2021. (ECF No. 1411.) The judgment became final 14 days after its entry—December 27, 2021, a Monday after the Christmas holiday—because Defendant did not timely appeal from judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i); (*see also* ECF No. 1527, PageID 7656). As the Sixth Circuit recently explained, Defendant filed an untimely appeal. (ECF No. 1530.) Thus the statute of limitations was up on December 27, 2022, while Defendant's § 2255 Motion was filed on August 6, 2025, more than two and a half years late.

The U.S. Courts form for a § 2255 motion prompts the movant to write about the timeliness of his or her motion: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does

3

not bar your motion." (ECF No. 1527, PageID 7665.) Defendant responds that he is illiterate, his English is limited, and his plea was not knowingly or voluntarily made. (*Id.*) He also explains that he was in "the (Box) Special Housing unit for 2 years," where he had no access to the law library. (*Id.*)

The Court construes Defendant's response on the U.S. Courts form as a request to equitably toll the one-year statute of limitations. Section 2255(f) is not a jurisdictional bar, and it may be subject to equitable tolling under extraordinary circumstances. *United States v. West*, 578 F. Supp. 3d 962, 966 (N.D. Ohio 2022) (citing *Reed v. United States*, 13 F. App'x 311, 312 (6th Cir. 2001)). A federal habeas court may toll the running of the statute of limitations "'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To obtain equitable tolling of the statute of limitations, the Petitioner must establish both that he has diligently pursued his rights and that "some extraordinary circumstance" prevented his timely filing. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citations omitted). The Sixth Circuit has made clear that equitable tolling should be granted only sparingly. *West*, 578 F. Supp. 3d at 966 (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001)).

Defendant asserts that he was in a special housing unit for two years, and as a result, had no access to the law library. (ECF No. 1527, PageID 7665.) Courts in this Circuit, however, have "'consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition[.]'" *West*, 578 F. Supp. 3d at 967 (quoting *Andrews v. United*

4

*States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017)); *Adams v. United States*, No. 2:10-CR-133, 2014 WL 5369425, at *3 (S.D. Ohio Oct. 21, 2014) (Watson, J.) (explaining that a petitioner's *pro se* incarcerated status and limited access to the prison's law library are not extraordinary circumstances justifying equitable tolling of the statute of limitations). Likewise, the Sixth Circuit "has instructed that even non-English speakers are not given equitable tolling on illiteracy grounds when they have assistance from individuals that can translate." *Farley v. United States*, No. 3:22-CV-00218, 2025 WL 660845, at *3 (M.D. Tenn. Feb. 28, 2025), *certificate of appealability denied*, No. 25-5244, 2025 WL 2654135 (6th Cir. Aug. 18, 2025) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (explaining that "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations" where there is a translator to assist the petitioner) (internal citations omitted)).

If Defendant (1) was isolated in a special housing unit without access to a translator, (2) speaks limited English, and (3) is illiterate, there could be good cause to toll the statute of limitations. Defendant does not provide enough information to support these conclusions, however. The Court does not know if he was in isolation or if he had access to a translator. Presumably, Defendant has access to a translator now, given his recent motions were filed written in English on a word processing machine.

Thus, the Court finds Defendant has not presented the requisite extraordinary circumstances to justify the Court equitably tolling the statute of limitations for more than two and a half years.

**II.    Defendant did not receive ineffective assistance from his counsel.**

Even if extraordinary circumstances to toll the statute of limitations exist, Defendant would not be entitled to relief on the ground stated in his § 2255 Motion. While the text in Defendant's § 2255 Motion is somewhat difficult to follow, the Court interprets it as stating that Defendant agreed to take a plea because he understood the maximum amount of time he would receive to be 15–20 years, rather than the 420-month sentence he ultimately received. (ECF No. 1527, PageID 7658.) He argues his counsel was ineffective, and his decision to plead was not knowingly, voluntarily, and intelligently made. (*Id.*)

The Sixth Amendment guarantees the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether ineffective assistance of counsel warrants a new trial. A defendant must demonstrate "(1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant." *Simmonds v. Bowen*, 841 F. App'x 838, 840 (6th Cir. 2021) (citing *Strickland*, 466 U.S. at 687).

"Under the first prong of the *Strickland* test, Defendant must show 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *United States v. Leedy*, No. 1:16-CR-036, 2023 WL 3479996, at *6 (S.D. Ohio May 16, 2023) (Black, J.) (citing *Strickland*, 466 U.S. at 688). *Strickland* instructs that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Courts must avoid "the distorting effects of hindsight" to fairly assess attorney performance. *Id.*

As for the second *Strickland* prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

6

had no effect on the judgment." *Id.* at 691. Rather, counsel's performance must be prejudicial to be constitutionally ineffective. *Id.* at 692. To establish such prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The docket contradicts Defendant's assertions in his stated ground for relief. The Government filed an unopposed motion for the Court to conduct a *Lafler* hearing (ECF No. 1082), which was granted, and the *Lafler* hearing was held on September 30, 2020 (ECF No. 1118). *See Lafler v. Cooper*, 566 U.S. 156 (2012); *Missouri v. Frye*, 566 U.S. 134 (2012). An Order memorializing the hearing reflects that Defendant was present at the *Lafler* hearing, along with an interpreter and all counsel. (ECF No. 1119.) The Order also states that the Government outlined its plea offer, and the Court explained it to Defendant, who stated that he understood the offer. (*Id.*)

Another *Lafler* hearing was later set for May 19, 2021 (ECF No. 1242), though the hearing turned into a change of plea hearing (ECF No. 1280). Defendant's signature is affixed to the plea agreement, and directly above the signature the agreement reads:

> This Plea Agreement has been translated for me and I have read this agreement and carefully reviewed every part of it with my attorneys. I understand it, I voluntarily agree to it, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

(ECF No. 1279, PageID 5568.) Directly below Defendant's signature and above his counsel's signature is text that reads: "We are Cruz Alberto Arbarngas's attorneys. We have carefully reviewed every part of this agreement with the Defendant, who advises us that he understands and accepts its terms. To our knowledge, his decision to enter into this agreement is an informed and voluntary one." (*Id.*) Further, in the plea agreement, Defendant agreed that he "understands that the Court is not bound by the sentencing recommendations or stipulations of the parties and

7

that it is within the sole discretion of Court to impose the sentence in this case." (*Id.* PageID 5567.)

Defendant offers only conclusory statements in ground one of his § 2255 Motion that are contradicted by the text of the plea agreement reproduced above. He cites no specific reason as to why or how his counsel was defective. Rather, he states he had the "understanding" that "the maximum amount of time he could get was 15–20 years" and "had Mr. Cruz known he would've ended up with 420 mo[n]ths he would've took everything to trial." (ECF No. 1527, PageID 7658.) This statement is insufficient to support an ineffective assistance of counsel claim.

To the extent Defendant is attempting to challenge the sentence imposed by this Court, his plea agreement contains a waiver of appeal: "In exchange for the concessions made by the [United States Attorney's Office for the Southern District of Ohio] in this Plea Agreement, the Defendant waives the right to appeal the conviction or sentence imposed, except if the sentence imposed exceeds the statutory maximum." (ECF No. 1279, ¶ 11.) The waiver of appeal also states that Defendant waives his right to attack his sentence collaterally, by way of a § 2255 motion, except for ineffective assistance of counsel or prosecutorial misconduct claims. (*Id.*)

The Sixth Circuit has held waivers of appeal in plea agreements are enforceable. *United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006) (citing *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) ("[A] defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.")). Defendant's statutory provision was "up to life" and his guideline provision was "life" (ECF No. 1321), and so his 420-month sentence did not exceed his statutory maximum.

Defendant's § 2255 Motion would fail on the merits, even if he did not have a statute of limitations problem.

## CONCLUSION

Defendant Cruz Alberto-Arbarngas's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1527) is **DENIED**. Defendant is not entitled to an evidentiary hearing because the record establishes that he is not entitled to relief. *See Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (noting that no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief"). Under Rule 11 of the Rules Governing § 2255 Proceedings and 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right. The Clerk is **DIRECTED** to enter judgment and terminate Defendant's § 2255 case.

**IT IS SO ORDERED.**

**4/14/2026**　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**